556 P.2d 369

**STATE of Idaho, Plaintiff-Respondent,**

v.

**William M. PRINCE, Defendant-Appellant.**

**No. 12011.**

Supreme Court of Idaho.

Nov. 18, 1976.

Peter D. McDermott, McDermott & McDermott, Pocatello, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This appeal was taken from the imposition of sentences following pleas of guilty to murder in the second degree, assault with a deadly weapon with intent to murder, and robbery. Appellant, William M. Prince, and two accomplices armed themselves with the intent of taking drugs from St. Anthony Community Hospital in Pocatello. In the course of the robbery, a shoot-out ensued, the aftermath of which left a security guard dead and a city patrolman seriously wounded.

Appellant makes no challenge to the judgments of conviction which were entered on the three separate charges against him. The trial court had allowed the State to lower the murder charge from first degree to second degree, at which point appellant withdrew earlier pleas of not guilty, and entered three pleas of guilty. The trial court made certain that appellant under-

stood the charges against him, and that the guilty pleas were voluntarily made.

A mitigation hearing was held at which the defendant and his two retained counsel were allowed to address the court at such length as was desired. The defendant expressed remorse for his crime, his feeling of a debt to society and a desire to rehabilitate himself, saying that he had no excuse for his crimes, was not trying to make one, and didn't "know how this all got so out of hand that night—drugs and confusion and —I don't know."

His attorneys advised the court of appellant's sordid past with respect to drugs, but that he had had no involvement in crime other than drugs. Counsel supplied the background on how appellant got involved, explaining that appellant did so at the request of two friends who asked him to participate with them in the robbery of drugs —that "he did so willingly." Counsel informed the court that at the time of the shooting, appellant was taking drugs, and that he was frightened: "It was a product of a frightened, scared kid who was in a situation he didn't know how to deal with and never come across before. Now he must stand here and face the consequences and he recognizes that. * * * I know that a sentence has to be made that will satisfy the debt to society and that will serve as a deterent." [sic]

Both counsel for appellant asked only that the court impose concurrent sentences, simply to afford appellant the opportunity to become rehabilitated.

At the conclusion of the mitigation hearing, the court pronounced sentence as follows: murder in the second degree—life imprisonment; assault with a deadly weapon with intent to murder—a term not to exceed fourteen years, said sentence to run concurrently with that imposed on the second degree murder charge; robbery—an indeterminate term not to exceed a period of twenty years, with the sentence to run consecutively with that imposed on the before-mentioned charges.

On this appeal appellant assigns as error that the trial court was "unduly harsh" in imposing the third sentence so as to run consecutively. In argument in support of this contention, appellant further challenges the consecutive sentence as a cruel and unusual punishment and thus prohibited by the Idaho Constitution, Art. I, Sec. 6.

■ The sentences imposed, individually viewed, were within the limits prescribed by the respective applicable statutes, and thus will not be regarded as being cruel and unusual. *King v. State*, 91 Idaho 97, 416 P.2d 44 (1966).

■ Discretion to impose consecutive or concurrent sentences is vested in the sentencing court. I.C. § 18–308, as amended in 1972.

■ We hold that imposition of consecutive sentences when authorized by statute does not constitute cruel and unusual punishment within the contemplation of our Idaho Constitution, Art. I, Sec. 6. For a collection of recent decisions rejecting the challenge of "cruel and unusual" to the imposition of consecutive sentences, where the sentence imposed for each offense is within permissible limits of the pertinent statutes, *see* 33 A.L.R.3d 335, at 372 (1970). No challenge is made by appellant that the punishment provisions of the three individual statutes are unconstitutional as being cruel or unusual. Nor is challenge made that any of the three individual sentences is excessive or beyond the three respective statutory limits.

It is in the trial court that discretion is vested, subject, of course, to our power to modify where we find the penal servitude to be unduly harsh. I.C. § 19–2821.

■ That the trial court did exercise his discretion, and, in part, favorably to appellant, is shown in that the second sentence imposed was made to run concurrently with the first. It was equally a matter of discretion to impose the third sentence so as to run consecutively. We do not find that appellant has shown an abuse of that discretion by the legislature so vested in the trial court. The judgment is affirmed.