739 P.2d 441

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Rick Lynn RUTTER, Defendant-Appellant.**

No. 16776.

Court of Appeals of Idaho.

June 25, 1987.

Paul C. Agidius, Moscow, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. Rick Rutter pled guilty to a charge of robbery and was sentenced to the custody of the Board of Correction for an indeterminate period of five years. On appeal, Rutter contends the district court abused its discretion in sentencing him to the custody of the Board of Correction instead of placing him on probation. We affirm the judgment.

The facts in this case are as follows. Rutter entered a bar in Moscow, Idaho, and grabbed a waitress around the neck with one arm. He placed his other hand in the waitress's back as if he held a gun. Threatening the waitress, Rutter demanded money from the bartender. The bartender

---

gave Rutter the money. Rutter fled the bar, but was apprehended by a citizen and held until the police arrived. Rutter was drunk at the time of the incident and later denied remembering anything about the robbery. On appeal, Rutter urges that probation and a rehabilitation program outside of prison would be a more appropriate sentence in light of his substance abuse problems.

■ Robbery carries a maximum sentence of life imprisonment. I.C. § 18–6503. Absent a clear abuse of discretion, a sentence within the statutory maximum will not be disturbed. An abuse of discretion may be shown where the sentence is unreasonable in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). Reasonableness was explained in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982):

> [A] sentence of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

For the purpose of appellate review, the duration of confinement under an indeterminate sentence is deemed to be one-third of the term. *State v. Toohill, supra.* Here, the duration of confinement for a five-year indeterminate sentence is twenty months.

When evaluating an exercise of sentencing discretion, we conduct an independent review of the record. We focus both upon the nature of the offense and upon the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

The details of the robbery have been previously discussed. Additionally, we note that no one was injured during the robbery. As also noted, Rutter stated that he did not remember robbing the bar because of his drunkenness. However, we must also acknowledge that robbery is a crime of violence that, while perhaps not causing physical injury, does take an emotional toll on its victim.

We turn next to an examination of Rutter's character. At the time of sentencing, Rutter was thirty-seven years old and had attended three and one-half years of college. A witness called on behalf of Rutter at the sentencing hearing testified that robbery was inconsistent with Rutter's character, and that Rutter was generally a kind and considerate individual. However, everyone involved in this case acknowledged Rutter's severe and recurring problems with alcohol and drug abuse. The sentencing transcript reveals extensive discussion of Rutter's alcohol and drug problems. Rutter had a history of prior misdemeanors, apparently stemming from his abuse of alcohol. The district court was fully aware of these problems and noted that it considered them in making its sentencing decision. However, the court also noted that Rutter's problems had not arisen recently, but had been occurring for many years. The court concluded that Rutter was a danger to society because of his substance abuse and his inability to control his actions as a result of that abuse. The court said:

> Here the defendant has a long history of problems with alcohol. He's been evaluated, treated previously. When he drinks he apparently often becomes violent, looking at his prior criminal record it's virtually alcohol related and it's not of recent vintage, it's something that he's been experiencing for years and yet hasn't been able to solve the problem. His record indicates events of violence, resisting arrest, assault on peace officers, all apparently when he's drinking. He's been given the benefit of suspended sentences in the past. Been fined. But he apparently has not been incarcerated for any extensive period of time.

> This is a crime of violence. Certainly must have been a traumatic experience not only physically but emotionally for the young lady who was manhandled by this defendant. I really feel in light of his past record that imprisonment would

provide an appropriate punishment and deterrent to the defendant and that while he is in need of correctional treatment I feel it can best be provided by the commitment to the Idaho State Penitentiary. Again his record indicates that he was given jail time but most of it's suspended and that apparently wasn't enough to put the defendant on the road to trying to help himself and maybe incarceration for an extended period of time might serve that purpose. He just can't control himself when he drinks, he becomes violent.

I do feel that there's an undue risk that if he's placed on probation that he's going to get himself in difficulty again with drinking. If he were the only one who got in difficulty as a result of it I might think differently but other people have been affected, police officers in the past, a young lady in this instance. His conduct did not only cause or did not only threaten but also caused harm to another. He was not acting under any strong provocation. Certainly nothing the victim did facilitated the[,] or induced the[,] commission of the robbery. I do think that the primary consideration here is the good order and protection of society and that we need to separate this man from society in order to protect society.

 In our view, the district judge gave sound reasons for the sentence imposed in this case. We conclude the court did not abuse its discretion in electing to sentence Rutter to the custody of the Board of Correction instead of placing him on probation. The judgment imposing the five-year indeterminate sentence is affirmed.