775 P.2d 168

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James HAGGARD, Defendant–Appellant.**

No. 17536.

Court of Appeals of Idaho.

June 16, 1989.

Albert Matsuura, Blackfoot for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Upon his plea of guilty to a charge of robbery, James Haggard was sentenced to the custody of the Board of Correction for a ten-year term with a minimum five-year period of confinement. I.C. § 19–2513. Haggard appealed from the judgment of

conviction, challenging the sentence. While the appeal was pending, Haggard unsuccessfully sought a reduction of his sentence under I.C.R. 35. Haggard now contends the district court abused its discretion by giving him a prison sentence instead of placing him on probation. For reasons which follow we vacate the sentencing portion of the judgment and remand the case for reconsideration of the sentence.

Haggard committed the crime when he entered a gas station and demanded money from the attendant. He made it appear that he had a weapon in his pocket, and he threatened to cause the attendant harm if she did not comply. Subsequent investigation disclosed that the "weapon" had been only a toy pistol.

In this appeal Haggard maintains that he should have received probation and, in any event, that the five-year minimum period of confinement in his sentence was too harsh. He argues, as he did in the district court, that the instant crime and his prior criminal activities revolved around alcohol and drug use. Indeed, Haggard committed the robbery to obtain money for the purchase of beer. At the sentencing hearing, and at the hearing on the Rule 35 motion, the district court observed that probation would depreciate the seriousness of Haggard's crime. The court further stated that imprisonment was necessary to provide appropriate punishment to Haggard and provide deterrence to Haggard and others. Finally, noting that Haggard had been on probation previously in California, the court remarked, "Based on your record as I see it and the nature of the crime, your contacts with the community, your past experience with probation, I don't think right now you can serve probation."

We believe the district court did not abuse its discretion in sentencing Haggard to a prison term instead of placing him on probation. Nevertheless, we vacate the sentence imposed for the following reasons. The record indicates the district court may have incorrectly perceived that I.C. § 18-6503 mandates a minimum five-year period of *confinement* for robbery.

It does not. Although the statute says that the minimum *sentence* for robbery is five years, the minimum period of confinement under the sentence, pursuant to the Unified Sentencing Act, I.C. § 19-2513, may be for a term less than five years.

Moreover, the language of I.C. § 18-6503, that all robberies should be "punishable by imprisonment in the state prison [for] not less than five (5) years," must be viewed in historical context. In 1947 the Legislature expressly abolished such minimum sentences. *See* former I.C. § 19-2513 as enacted in 1947 Idaho Sess. Laws, ch. 46, pp. 50-51. The 1947 statute created an indeterminate sentencing scheme, under which the duration of "imprisonment" was to be determined by the Board of Correction, subject to the constraints of I.C. § 20-223. This section, as it existed up until the time when the "unified sentencing" version of I.C. § 19-2513 was adopted, clearly shows a legislative intent not to require a five-year minimum period of incarceration in all robbery cases. For robbery and other enumerated crimes, a prisoner under an indeterminate sentence would become eligible for parole when he had served either a period of five years or one-third of his sentence, "whichever is the least." *Id.*

Other factors appearing in the record suggest to us that the sentencing judge might consider a lesser period than five years to be a sufficient minimum period of confinement. Haggard did not display or carry a real weapon in committing the robbery; he only verbally threatened harm. Haggard's record shows no prior periods of incarceration. Finally, the district court recommended Haggard for placement in a supervised work center. This recommendation may have been based on an assumption that the Board of Correction, as a matter of policy, would allow a prisoner who is not eligible for parole to be placed in a work release center. We do not know that such an assumption would be correct. We intimate no view on this question. Nevertheless, the judge's recommendation for work release indicates that the judge believed Haggard would not pose an undue

threat to society if released from confinement periodically for purposes of employment. Under these circumstances, a five-year minimum period of confinement may be too harsh. *Compare State v. Rutter,* 112 Idaho 1142, 739 P.2d 441 (Ct.App.1987).

Therefore, we vacate the sentence imposed. We remand to the district court for re-examination of the sentence under Rule 35 and for resentencing.