824 P.2d 163

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Brian Daniel HAYES, Defendant–Appellant.**

No. 18875.

Court of Appeals of Idaho.

Jan. 2, 1992.

Petition for Review Denied Feb. 12, 1992.

Gregory A. Jones, Kootenai County Public Defender, Jonathan B. Hull, Deputy Public Defender, Coeur d'Alene, for defendant-appellant. Jonathan B. Hull argued.

Larry J. EchoHawk, Atty. Gen., Michael Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent. Michael Henderson argued.

WALTERS, Chief Judge.

Brian Daniel Hayes was tried before a jury on a charge of raping another man.

I.C. § 18–6108. While acquitting Hayes on that charge, the jury convicted him of the lesser offense of committing the infamous crime against nature, in this case anal intercourse. I.C. § 18–6605. The district court imposed a minimum term of confinement of five years and a maximum term of twelve years. Hayes appeals, arguing that the maximum penalty for the crime is five years when I.C. § 18–6605 is read in proper context. He also argues that the court erroneously interpreted the statute to require a minimum period of confinement of five years, and that incarceration for the act constitutes cruel and unusual punishment. Our review of the relevant statutes and case law leads us to conclude that the maximum penalty for the crime is left to the court's discretion, and that imprisonment for the act is not cruel and unusual. However, we conclude that the court erred when it determined that I.C. § 18–6605 required a *minimum* period of confinement of five years. Therefore, we remand to have the district court set a minimum term under the Unified Sentencing Act, I.C. § 19–2513.

## Facts

Hayes' conviction rests on the following facts. The nineteen year-old victim testified that on the night of December 17, 1989, he had been driving around Rathdrum, Idaho, drinking beer with Hayes and another friend named Paul Dewolfe. Late in the evening, Dewolfe drove to a secluded, forested area and parked the car. He pulled the victim out of the car and told him to take off his pants. After the victim had rolled his pants to his ankles, Hayes pulled the victim's pants, underwear and shoes off. He then turned the victim onto his knees and performed anal intercourse on him. Dewolfe then performed the same act, which was repeated by Hayes. At some point, Dewolfe also forced the victim to perform oral sex on him. When finished, Dewolfe told the victim to get up and get dressed. After a minute or two, however, Dewolfe told the victim "it's your time now," knocked him to the ground, and slashed his throat three times with a knife. Believing that he was dead or would soon die, Hayes and Dewolfe threw the victim over an embankment and drove off. The wounds inflicted by Dewolfe, however, were not fatal and the victim managed to walk to a nearby house, where aid was rendered and an ambulance called.

Hayes testified that the victim had consented to the sex acts and that he had nothing to do with Dewolfe's attempt to kill the victim. Hayes claimed that after the sexual acts, he walked to the car for a cigarette, only to turn around to see Dewolfe slashing the victim. The victim testified, however, that Hayes did not reach for a cigarette when he reached the car, but grabbed a framing axe, turned to Dewolfe and said "Are we going to use this?" According to the victim, Dewolfe responded by saying, "No we will use this," referring to the knife, after which he cut the victim's throat. Hayes testified that he told Dewolfe that he did not want anything to do with murder, but "freaked out" and helped him throw the victim over the embankment.

The verdict indicates that the jury felt that not enough evidence had been produced to prove beyond a reasonable doubt that Hayes had raped the victim. Hayes admitted, however, that he performed the prohibited sexual acts, arguing that they were consensual. The jury convicted him of the infamous crime against nature.

## Assignments of Error

On appeal, Hayes asserts that:

(1) The court erred when it determined that the maximum penalty for the infamous crime against nature, I.C. § 18–6605, is left to the court's discretion.

(2) The court erred when it found that I.C. § 18–6605 carried a minimum period of incarceration of five years.

(3) Incarceration for five to twelve years for his conduct constitutes cruel and unusual punishment.

## Standard of Review

■ Hayes appeals directly from his judgment of conviction and sentence. Issues (1) and (2) present questions concern-

ing the legal interpretation of related sentencing statutes; therefore we exercise free review. *State v. Paul*, 118 Idaho 717, 718, 800 P.2d 113, 114 (Ct.App.1990). Issue (3) presents a question of constitutional protections against cruel and unusual punishment, an issue which we also freely review. Idaho Appellate Handbook, *Standards of Appellate Review in State and Federal Courts*, 3.2 (Idaho Law Foundation, Inc., 2d ed. 1989).

### Maximum Sentence

First, Hayes contends that the court erred when it determined that the maximum penalty for the infamous crime against nature was not five years, but was left to the court's discretion. We hold that the court's conclusion was correct.

The infamous crime against nature includes anal intercourse, or in the language of the common law, sodomy. BLACK'S LAW DICTIONARY, pp. 371, 1391 (6th ed. 1990). *See also State v. Altwatter*, 29 Idaho 107, 110, 157 P. 256, 257 (1916). Idaho Code § 18–6605 provides that every person who is found guilty of committing the infamous crime against nature "is punishable by imprisonment in the state prison not less than five years." The statute does not expressly set out a maximum punishment for the crime. Idaho Code § 18–112 provides that unless a different punishment is prescribed by the code, felonies are punishable by imprisonment in the state prison for a period not exceeding five years, or a fine not exceeding $5,000, or both.

The Idaho Supreme Court previously addressed the issue Hayes presents in *In re Miller*, 23 Idaho 403, 129 P. 1075 (1913). Section 18–6605 remains unchanged since *Miller* was decided. In fact, the statute has remained substantially the same since its codification in the territorial laws of 1864. *See* Compiler's notes, I.C. § 18–6605. In *Miller*, the Court cited the predecessors to I.C. § 18–112 and I.C. § 18–6605 and held that the latter left the determination of the maximum sentence to the court's discretion and that I.C. § 18–112 did not apply. This position was articulated

again in *State v. Carringer*, 95 Idaho 929, 523 P.2d 532 (1974). We have read the well-reasoned dissents to *Miller* and *Carringer* supporting Hayes' argument. However, we must follow the precedent laid down by our Supreme Court. Therefore, we hold that the district court correctly concluded that it could exercise its discretion when imposing the maximum penalty under I.C. § 18–6605.

### Minimum Sentence

Next, Hayes argues that the court erred when it found that I.C. § 18–6605 required a minimum period of confinement of five years. We consider Hayes' argument to be meritorious, and remand this case for reimposition of an appropriate minimum sentence.

Idaho Code § 19–2513, the Unified Sentencing law, provides that "If [an] offense carries a mandatory minimum penalty as provided by statute, the court shall specify a minimum period of confinement consistent with such statute." Considering that performing an infamous crime against nature "is punishable by imprisonment in the state prison not less than five years," the district court sentenced Hayes to a five-year period of incarceration.

Hayes, however, supports his argument by relying on *State v. Haggard*, 116 Idaho 276, 775 P.2d 168 (Ct.App.1989), in which we vacated a sentence imposed under circumstances very similar to those in the instant case. In *Haggard*, the defendant pled guilty to robbery under I.C. § 18–6503, which provided that all robberies should be "punishable by imprisonment in the state prison not less than five (5) years." The district court, reading that statute together with I.C. § 19–2513, imposed a ten-year sentence with a five-year minimum period of confinement. On appeal, we stated

The record indicates the district court may have incorrectly perceived that I.C. § 18–6503 mandates a minimum five-year period of *confinement* for robbery. It does not. Although the statute says that the minimum *sentence* for robbery is five years, the minimum period of con-

finement under the sentence, pursuant to the Unified Sentencing Act, I.C. § 19–2513, may be for a term of less than five years.

Moreover, the language of I.C. § 18–6503, that all robberies should be "punishable by imprisonment in the state prison [for] not less than five (5) years," must be viewed in historical context. In 1947 the Legislature expressly abolished such minimum sentences. *See* former § 19–2513 as enacted in 1947 Idaho Sess. Laws, ch. 46, pp. 50–51. The 1947 statute created an indeterminate sentencing scheme, under which the duration of "imprisonment" was to be determined by the Board of Correction, subject to the constraints of I.C. § 20–223. This section, as it existed up until the time when the "unified sentencing" version of I.C. § 19–2513 was adopted, clearly shows a legislative intent not to require a five-year minimum period of incarceration in all robbery cases. For robbery and other enumerated crimes, a prisoner under an indeterminate sentence would become eligible for parole when he had served either a period of five years or one-third of his sentence, "whichever is least." *Id.* [Emphasis in original.]

*Haggard*, 116 Idaho at 277, 775 P.2d at 169.

We adhere to our decision in *Haggard* and apply the same analysis in the instant case. Thus, we conclude that the district court wrongly perceived that I.C. § 18–6605 mandated a minimum period of confinement of five years.

### Cruel and Unusual Punishment

Finally, Hayes argues that incarceration for five to twelve years for an act of what he claims was consensual sexual conduct constitutes cruel and unusual punishment. We hold otherwise. Because we are remanding to have the district court determine the minimum period of Hayes' sentence, we are left with no firm minimum period upon which to base our analysis. However, we are left with the twelve-year maximum period and, for purposes of this opinion only, we will analyze the sentence as if the five-year minimum was still in effect.

 The Eighth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits cruel and unusual punishment. Ordinarily, a sentence will not be regarded as cruel and unusual in violation of art. 1, § 6, of the Idaho Constitution if the sentence is within the limits prescribed by statute. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991); *King v. State*, 91 Idaho 97, 416 P.2d 44 (1966). However, the determination that a sentence is within statutory limits resolves only that the sentence is not illegal. *Id.* If the sentence imposed is within statutory limits, the next inquiry is whether the punishment is proportional to the crime, that is, the punishment must not be so out of proportion as to shock the conscience of reasonable people. *Id.* This test was articulated in *Solem v. Helm*, 463 U.S. 277, 290–92, 103 S.Ct. 3001, 3009–10, 77 L.Ed.2d 637 (1983), in which the Supreme Court set aside as disproportional a life sentence without possibility of parole imposed under a South Dakota recidivist statute for successive offenses, in that case seven non-violent felonies. When evaluating sentences under the Eighth Amendment, the Court in *Solem* held that it is helpful to consider three factors: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.

This test was most recently applied in Idaho in *Broadhead*, decided on May 30, 1991, in which a fourteen-year-old boy pled guilty to second degree murder and received a life sentence, the first fifteen years to be served without possibility of parole. Our Supreme Court upheld the sentence. Since *Broadhead* was issued, however, doubt has been cast upon the continued vitality of the *Solem* test in *Harmelin v. Michigan*, 501 U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). In *Harmelin*, a five-to-four vote upheld against an Eighth Amendment challenge a

mandatory life sentence without possibility of parole imposed under a Michigan statute for possession for sale of 650 grams or more of any mixture containing certain controlled substances. In the opinion written by Justice Scalia, he and Chief Justice Rehnquist concluded "that *Solem* was simply wrong; the Eighth Amendment contains no proportionality guarantee," and that *Solem* should be overruled. *Harmelin*, 501 U.S. at ——, 111 S.Ct. at 2686, 115 L.Ed.2d at 846. However, Justices Kennedy, O'Connor, and Souter, who joined in the result but authored a separate concurring opinion, found a narrow proportionality principle embodied in the amendment, although the first two parts of the *Solem* test are denounced as being impossible to analyze objectively.

In this case, we conclude that Hayes' sentence is not cruel and unusual based on the two analyses presented in *Harmelin*. The first, described by Justice Scalia, essentially states that in non-capital cases a sentence for a term of years is not cruel and unusual if within statutory limits. The second, described by the concurring Justices, applies a proportionality test primarily using the third factor announced in *Solem*.

To support his argument, Hayes cites *Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986), in which the Court upheld, against a due process challenge, a Georgia sodomy statute allowing up to twenty-years incarceration for a single violation. In *Bowers*, the Court held that homosexuals did not have a fundamental right to engage in private consensual acts of sodomy. However, no Eighth Amendment challenge was ever raised or discussed in the opinion because nobody had been prosecuted and the action was one for declaratory judgment. Still, Hayes cites the concurring opinion of Justice Powell, in which the Justice stated that although he agreed with the judgment of the Court regarding due process,

> [i]n my view, a prison sentence for [a single, private, consensual act of sodomy]—certainly a sentence of long duration—would create a serious Eighth Amendment issue. Under the Georgia

statute a single act of sodomy, even in the private setting of a home, is a felony comparable in terms to the possible sentence imposed for serious felonies such as aggravated battery, Section 16–5–24, first degree arson, Section 16–7–60 and robbery, Section 16–8–40.

*Bowers*, 478 U.S. at 197–98, 106 S.Ct. at 2847 (Powell, J., concurring).

Even so, Hayes has not produced and we have not found a single case in which a successful Eighth Amendment challenge has been made to a sentence imposed under a sodomy statute. *See* 70A AM.JUR.2D *Sodomy* § 15 at 1049 (1987); ANNOT., *Validity of Statute Making Sodomy a Criminal Offense*, 20 A.L.R.4th at 1061 (1983). In fact, such challenges have been uniformly rejected by state and federal courts. J. DREW PAGE, Comment, *Cruel and Unusual Punishment and Sodomy Statutes: The Breakdown of the Solem v. Helm Test*, 56 U.CHI.L.REV. 367, 370 (1989).

Also, Hayes asserts that his conduct was private and consensual, and therefore his incarceration is not warranted. We dispute this characterization of his conduct. Although the incident took place in a secluded area at night, the area was open to the public and a third person, Dewolfe, was present. Furthermore, there was significant evidence of force presented at trial.

Hayes argues, however, that evidence of force cannot be considered because the jury did not convict him of rape, the only crime which included force as an essential element. His argument is without merit. A review of the cases addressing prosecutions under I.C. § 18–6605 shows that the statute has been used most often to punish forcible sodomy, in which we include sodomy against a person who is unable to legally consent, such as a child. At sentencing, the court noted that the jury could have failed to find rape on two grounds: (1) lack of proof of force; or (2) lack of proof that Hayes had the specific intent to sexually abuse the victim, an intent that could have been affected by the defendant's intoxication. The court stated that it was possible that the jury felt that

the state had not proved either or both elements beyond a reasonable doubt and implicitly concluded that the court was free to consider all the evidence presented at trial when determining Hayes' sentence. The court was correct. *See Greene v. United States,* 571 A.2d 218, 220–22 (D.C.App.1990) (acquittal on rape charge did not prevent consideration of evidence of force in sentencing for sodomy conviction) *citing Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949). The judge is limited, however, in that he or she "may not base the sentence on misinformation of a constitutional magnitude." *Id.* at 220–21, *citing United States v. Bernard,* 757 F.2d 1439 (4th Cir. 1985) *(quoting United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)).

Applying the analysis used by Justice Scalia in *Harmelin,* we find Hayes' sentence not to be cruel and unusual. Fixing a prison term for a specific crime "involves a substantive penological judgment" that, generally, is "properly within the province of the legislatures, not the courts." *Harmelin,* 501 U.S. at ——, 111 S.Ct. at 2703, 115 L.Ed.2d at 867 (Kennedy, J., concurring) *quoting Rummel v. Estelle,* 445 U.S. 263, 275–276, 100 S.Ct. 1133, 1140, 63 L.Ed.2d 382 (1980). Thus, when analyzing sentences, "[r]eviewing courts ... should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crime." *Harmelin,* 501 U.S. at ——, 111 S.Ct. at 2703–04, 115 L.Ed.2d at 867 (Kennedy, J., concurring). This rule has been followed in previous Idaho cases involving Eighth Amendment challenges to criminal sentences. *See State v. Potter,* 109 Idaho 967, 712 P.2d 668 (1985); *State v. Kelly,* 106 Idaho 268, 678 P.2d 60 (1984); *Watkins v. State,* 101 Idaho 758, 620 P.2d 792 (1980); *State v. Prince,* 97 Idaho 893, 556 P.2d 369 (1976); *State v. Angel,* 103 Idaho 624, 651 P.2d 558 (Ct.App.1982). In this case, the legislature has determined that the infamous crime against nature should be punished relatively severely. Hayes' sentence is legal in

that it is within the limits prescribed by I.C. § 18–6605.

Next, we discuss the application of the factors described in *Solem* and relied upon by our Supreme Court in *Broadhead.* As the concurring justices in *Harmelin* pointed out, however, a review of a sentence is seriously undermined by the lack of objective factors available for analysis under the *Solem* test. The first factor is the gravity of the offense. The infamous crime against nature, as it has been defined in Idaho, does not include any references to violence, weapons, injury, or harm. Rather, the statute merely describes an act that has been considered harmful to society generally, based on moral and religious grounds. *See generally, Bowers,* 478 U.S. 186, 106 S.Ct. 2841. It is injudicious and nearly impossible for this Court to attempt to analyze a crime that is based on such personal and ephemeral grounds, because "a judge can rely only on her own moral values to determine the appropriate punishment" or the gravity of the offense. *Page,* 56 U.CHI.L.REV. at 396. Furthermore, we resist the temptation to engage in the circular reasoning produced by judging the gravity of an offense by the length of its sentence.

Still, I.C. § 18–6605 has remained fundamentally unchanged since its inception, a fact we interpret to mean that the citizens of Idaho, as represented by the legislature, consider the offense grave enough to remain opposed to the conduct prohibited by the statute. Our conclusion is supported by the brief repeal of the statute in 1972. At that time, the legislature substituted a statute entitled "Deviate Sexual Intercourse by Force or Imposition," apparently derived from the Model Penal Code. 1971 Idaho Sess.Laws, ch. 143, § 5, p. 683–84, effective January 1, 1972. That statute differed from the original in that it allowed prosecutions only for sodomy by force; consensual acts were outside its reach. The legislature quickly repealed this law and reenacted the original statute. We assume that a statute which received such treatment and which has remained unchanged for so many years retains its vitality and public support.

■ The next step is to attempt to compare the sentences imposed in Idaho on other criminals for other crimes. Examining these sentences we find that the possibility of life in prison is reserved for very few crimes—first degree murder; second degree murder; first degree kidnapping—to name a few. However, we must judge the sentence Hayes actually received, not the one that could have been imposed. *Ray v. State,* 259 Ga. 868, 389 S.E.2d 326, 328 (1990); *Schwartzmiller v. Gardner,* 567 F.Supp. 1371, 1381 (D.Idaho 1983), *modified on other grounds,* 752 F.2d 1341 (9th Cir.1984). His maximum sentence of twelve years falls within a range allowed by statutes too numerous to list, as does the assumed five-year minimum sentence. Although the maximum portion of his sentence exceeds the maximum imposed in other Idaho sodomy prosecutions, some of them involving more definite acts of violence, such a disparity does not render the sentence cruel and unusual. *See State v. Seifart,* 100 Idaho 321, 597 P.2d 44 (1979).

Next, we examine the sentences possible for sodomy in the twenty-five states that continue to penalize the act. Idaho is within a small minority allowing sentences for sodomy to extend beyond five years, and the only state allowing imposition of a life sentence. *See Bowers,* 478 U.S. at 198, n. 1, 106 S.Ct. at 2847, n. 1; *Page,* 56 U.CHI. L.REV. at 381–88. However, this comparison does not render punishment under the statute presumptively invalid. *State v. Bishop,* 717 P.2d 261, 272 (Utah 1986). Hayes' five to twelve-year sentence is our point of measurement and is not the longest allowed by the other states, although it is longer than most. *See Bowers,* 478 U.S. at 198, n. 1, 106 S.Ct. at 2847, n. 1; *Page,* 56 U.CHI.L.REV. at 381–88. Even so, we conclude that the maximum sentence is not so extreme as to shock the conscience of reasonable people. We reach the same conclusion regarding the assumed minimum sentence. Therefore, we deny Hayes' claim of error on this issue.

### Conclusion

We conclude that the district court properly determined that I.C. § 18–6605, prohibiting the infamous crime against nature, allows the maximum sentence under the statute to be left to the court's discretion, and may extend to a life term without possibility of parole. However, the court wrongly concluded that the statute requires, as a minimum sentence, a determinate period of incarceration of five years. As for the appellant's argument that his incarceration under the statute amounts to cruel and unusual punishment, we deny the claim. His sentence is within statutory bounds. The legislature has determined that acts of sodomy should be punished relatively severely and we would be acting outside our authority by saying the legislature is wrong. Furthermore, Hayes has not persuaded us that his sentence is so disproportional to his crime as to shock the conscience of reasonable people. Hayes admitted the act and significant evidence of force was introduced.

Based on the foregoing, we affirm the judgment of conviction and the portion of the sentence prescribing the maximum period of confinement. However, we remand for reimposition of an appropriate minimum period of incarceration under the Unified Sentencing Act, I.C. § 19–2513.

SWANSTROM and SILAK, JJ., concur.