IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 35463

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | **2009 Opinion No. 60** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: August 25, 2009** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| DALE ERNEST PATTERSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment of conviction and sentences for two counts of delivery of a controlled substance, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rosemary Emory, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge

Dale Ernest Patterson appeals from his judgment of conviction and sentences for two counts of delivery of a controlled substance. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Patterson was charged with two counts of delivery of a controlled substance, I.C. § 37-2732(a), with aggravating factors for each count for delivering within 1000 feet of a school, I.C. § 37-2739B(b)(2), and for having a prior conviction for delivery of a controlled substance, I.C. § 37-2739B(b)(1). Patterson pled guilty to the two counts of delivery of a controlled substance and one aggravating factor for having a prior conviction for delivery of a controlled substance. The state withdrew the other aggravating factor for a prior conviction and the two aggravating factors for delivery of a controlled substance within 1000 feet of a school. Additionally, the state agreed

1

not to file an enhancement for being a persistent violator or any additional charges stemming from the execution of a search warrant.

The district court sentenced Patterson to a unified term of fifteen years on the first count of delivery of a controlled substance, which included a fixed minimum term of five years for the prior conviction enhancement, and a unified term of fifteen years, with five years fixed, for the second count. The district court ordered Patterson's sentences to run concurrently. At the sentencing hearing, Patterson requested that the district court retain jurisdiction. The district court denied the request, reasoning that I.C. § 37-2739B mandated a minimum term of imprisonment of five years and, therefore, retaining jurisdiction would not serve any purpose because Patterson would not be eligible for probation. Patterson filed an I.C.R. 35 motion for a reduction of his sentences, which the district court denied. Patterson appeals.

## II.

## ANALYSIS

Patterson argues that the district court abused its discretion when it held that it could not retain jurisdiction because it was required to impose a minimum period of confinement of five years. He contends, even if I.C. § 37-2739B requires the district court to impose a fixed term of five years, it does not require the district court to order the sentence into execution. Therefore, he alleges, the district court could have retained jurisdiction and later suspended his sentences. Additionally, Patterson argues that his sentences are excessive.

### A.   Fixed Minimum Sentence of I.C. § 37-2739B

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of

2

the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

Idaho Code Section 37-2739B provides:

> (a) The legislature intends to allow fixed minimum sentences for certain aggravating factors found in cases brought under the uniform controlled substances act. The legislature hereby finds and declares that trafficking in controlled substances in the state of Idaho is a primary contributor to a societal problem that causes loss of life, personal injury and theft of property, and exacts a tremendous toll on the citizens of this state. To afford better protection to our citizens from those who traffic in controlled substances, the fixed minimum sentencing contained in subsections (b) and (c) of this section is enacted. By enacting fixed minimum sentences, the legislature does not seek to limit a court's power to impose a greater sentence pursuant to section 19-2513, Idaho Code.
>
> (b) Any person who is found guilty of violating the provisions of section 37-2732(a)(1)(A), Idaho Code . . . may be sentenced to a fixed minimum term of confinement to the custody of the state board of correction, which term shall be at least five (5) years and may extend to life, for each of the following aggravating factors found by the trier of fact:
>
> > (1) That the defendant has previously been found guilty of or convicted of a violation of section 37-2732(a)(1)(A), Idaho Code . . . .
> >
> > . . . .
>
> (c) The fixed minimum terms provided in this section may be imposed where the aggravating factors are separately charged in the information or indictment and admitted by the accused or found to be true by the trier of fact at the trial of the substantive crime; provided, however, that the prosecutor shall give notice to the defendant of intent to seek a fixed penalty at least fourteen (14) days prior to trial. During a fixed minimum term of confinement imposed under this section, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service. Each fixed minimum term imposed shall be served consecutively to the others, and consecutively to any minimum term of confinement imposed for the substantive offense.

In *State v. Ayala*, 129 Idaho 911, 918-19, 935 P.2d 174, 181-82 (Ct. App. 1996), this Court held that I.C. § 37-2739B created a mandatory fixed minimum sentence. Patterson acknowledges this holding of *Ayala* but argues that, although the sentence is mandatory, the language of I.C. § 37-2739B does not require the district court to order the sentence into execution.

3

In support of his argument, Patterson cites *State v. Harrington*, 133 Idaho 563, 990 P.2d 144 (Ct. App. 1999). In that case, the state argued, among other things, that the language of the persistent violator statute, I.C. § 19-2514, removed a district court's discretion to suspend a sentence imposed on a persistent violator by requiring a mandatory aggregate term of at least five years. *Id.* at 566, 990 P.2d at 147. That statute provided:

> Any person convicted for the third time of the commission of a felony. . . shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

This Court held that the statute was ambiguous and, therefore, the rule of lenity dictated an interpretation that allowed the district court to suspend the sentence imposed. *Id.* This Court further explained its reasoning in a relevant footnote:

> It should be noted that it took an amendment to the Idaho State Constitution to abolish the inherent powers of courts to suspend sentences as to legislatively imposed mandatory minimum terms of imprisonment. ID. CONST. Art. V, § 13. *Where there has been no legislative action declaring a mandatory minimum term of imprisonment, thusly canceling a court's power to suspend sentences, such power to suspend should be preserved.*

*Id.* at 566 n.5, 990 P.2d at 147 n.5 (emphasis added). Idaho Code Section 37-2739B can be distinguished from I.C. § 19-2514 in an important respect. Similar to many felony penalty statutes, I.C. § 19-2514 requires only that a defendant "be sentenced to a term in the custody of the state board of correction." Idaho Code Section 37-2739B(b), however, requires that a defendant "be sentenced to a fixed minimum term of *confinement* to the custody of the state board of correction." (Emphasis added). Therefore, unlike the persistent violator statute, the language of I.C. § 37-2739B expresses the legislature's unambiguous intent that its violation result in actual imprisonment.

This reading of I.C. § 37-2739B is consistent with its stated legislative purpose, which provides:

> The present Idaho law does not provide for mandatory minimum sentences for certain classes of drug dealers. The adoption of proposed Idaho Code § 37-2739B is recommended because it will insure [sic] that persons who deal in the most dangerous forms of controlled substances who are repeat offenders, who traffic in or near schools, or who supply to children *will be incarcerated.*

4

Statement of Purpose, SB 1472 (1990) (emphasis added). Furthermore, at the time this statute was enacted, this Court had notably decided *State v. Haggard*, 116 Idaho 276, 775 P.2d 168 (Ct. App. 1989). In *Haggard*, this Court held that I.C. § 18-6503, which provided that all robberies should be punishable by imprisonment for not less than five years, did not require a minimum period of confinement of five years. *Id.* at 277, 775 P.2d at 169; *see also State v. Hayes*, 121 Idaho 232, 235-36, 824 P.2d 163, 166-67 (Ct. App. 1992) (applying the *Haggard* analysis to the punishment for crimes against nature, I.C. § 18-6605). Through the language of I.C. § 37-2739B(b), the legislature acknowledged the semantic distinction drawn by this Court in *Haggard*, and later re-affirmed in *Hayes*, when it provided that the fixed minimum sentence shall be for a term "of confinement." Therefore, we conclude that the district court was without power to suspend the sentence, withhold judgment or retain jurisdiction in this case. Accordingly, the district court did not abuse its discretion by reading I.C. § 37-2739B as a mandatory term of confinement and refusing to place Patterson on retained jurisdiction.

**B.    Excessive Sentences**

Patterson acknowledges that his sentences are within the statutory limits. However, he contends that his sentences are unreasonable under any view of the facts. He contends that he should have received leniency because he was a drug addict who has sought help to overcome his addiction. He further argues that the sentencing objectives are not well-served by his sentences and would best be served through treatment and rehabilitation outside of the penitentiary. Additionally, Patterson contends that the district court's belief that sentencing him to prison might deter drug addicts who he claims lack the ability to make long-term decisions was naïve.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence,

5

rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest.  *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

At the sentencing hearing, the district court explained its reasoning for the sentences it imposed in this case:

> This case involves a matter where . . . you were dealing to support your own addiction, and that is tragic in its own right; but it doesn't mitigate in my mind the fact that those who deal in this substance, especially those like yourself . . . who have previously been to prison for possession with intent, and who come back out, after having whatever programming was available to you in the penitentiary setting, and allow yourself to become embroiled again in this quagmire, turning aside the love of your children, of your family and of these good people who are here supporting you, shows to me the absolute horrific nature of this substance.
>
> I believe that the legislature and myself personally, in looking at societal protection, am also mandated to look at issues of personal retribution for individuals such as you who have engaged in this conduct.  And this is a very hard thing for me to do, because I have read your daughter's letter.  I have considered how well you've done.  And so personally, it's a sad day.  Personally, for me, it's a hard day.  But at the same time, I am sworn, I believe, to uphold what I consider to be the greater good, which unfortunately in your case, is the greater good of sending a message to individuals similarly situated to yourself, sending a message to you directly, that this type of behavior cannot be tolerated, for the loss of life, personal injury, theft and, frankly, the havoc that this kind of a situation wreaks in our community; . . . .
>
> I recognize this is a hard thing.  It's a sad thing for your friends, for you personally and, as I've said, for me, frankly.  It's difficult to consider your children growing up without you for the next several years.  Unfortunately, I believe, again, I'm not allowed to consider anything different; but even if I were, that I would make the same decision, and I do it not unmindful of all the good that you have done, not unmindful of the addiction that you carry, not unmindful of the fact that you have remained clean and sober, gone to your children's activities and been a decent and good dad for the last few months.  Those are great things; but unfortunately, your behavior before is the kind of thing that those things can't undo.

We find no error with the district court's reasoning in imposing Patterson's sentences in this case. Patterson had previously been incarcerated for a similar offense and, despite his efforts at reform, once again found himself charged with delivery of a controlled substance. The obvious goals served by removing those who sell drugs from the streets need not be reiterated. The district court properly considered the relevant factors and did not abuse its discretion by sentencing Patterson to a unified term of fifteen years on the first count of delivery of a controlled substance, with a fixed minimum term of five years as an enhancement for the prior conviction, concurrent with a unified term of fifteen years, with a minimum period of confinement of five years, for the second count of delivery of a controlled substance.

## III.

## CONCLUSION

Idaho Code Section 37-2739B requires a fixed minimum term of confinement. Therefore, the district court did not abuse its discretion by holding that it was prohibited from placing Patterson on retained jurisdiction. Additionally, Patterson's sentences are not excessive. Accordingly, Patterson's judgment of conviction and sentences for two counts of delivery of a controlled substance are affirmed.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**