**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38284**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **2011 Opinion No. 67** |
| Plaintiff-Respondent, | ) |
| | ) **Filed: November 14, 2011** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| WAYNE EUGENE EPHRAIM, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Ronald J. Wilper, District Judge.

Judgment of conviction and determinate fifteen-year sentence for enticing a child over the internet, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Wayne Eugene Ephraim was charged by information with enticing a child over the internet.  I.C. § 18-1509A.  Thereafter, the state filed Part II of the information alleging that Ephraim had been previously convicted of lewd conduct with a minor under sixteen. I.C. § 18-1508.  Based on that allegation, the state asserted that Ephraim was a persistent violator subject to the penalty provision of I.C. § 19-2520G if he were to be convicted of the enticing offense.  Ephraim pled guilty to enticing a child over the internet and the matter was set for sentencing.

At sentencing, counsel for the state and Ephraim disputed the interpretation of I.C. § 19-2520G.  The state took the position that the fifteen-year sentence was required to be a fixed term with no possibility of an indeterminate term or parole.  Defense counsel argued that the district court maintained the discretion to set an indeterminate term and that the statute did not mandate a fixed sentence.  The district court agreed with the state and sentenced Ephraim to a determinate term of fifteen years.  Ephraim appeals.

1

On appeal, Ephraim concedes that I.C. § 19-2520G requires a sentence of fifteen years. However, Ephraim asserts that it is a unified sentence where the district court has discretion to designate an indeterminate and a determinate term of the fifteen-year sentence. Thus, Ephraim claims error in the district court's interpretation of the statute that the fifteen-year sentence must all be determinate or "fixed."

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

Idaho Code Section 19-2520G currently states[1]:

> (1) Pursuant to section 13, article V of the Idaho constitution, the legislature intends to provide mandatory minimum sentences for repeat offenders who have previously been found guilty of or pleaded guilty to child sexual abuse. The legislature hereby finds and declares that the sexual exploitation of children constitutes a wrongful invasion of a child and results in social, developmental and emotional injury to the child. It is the policy of the legislature to protect children from the physical and psychological damage caused by their being used in sexual conduct. In order to protect children from becoming victims of this type of

---

[1] The statute was amended in 2011 to delete then subsection (3) and to renumber subsection (4) as subsection (3). The amendment is inapplicable to this case.

2

conduct by perpetrators, it is necessary to provide the mandatory minimum sentencing format contained in subsection (2) of this section. By enacting mandatory minimum sentences, the legislature does not seek to limit the court's power to impose in any case a longer sentence as provided by law.

(2)     Any person who is found guilty of or pleads guilty to any offense requiring sex offender registration as set forth in section 18-8304, Idaho Code, or any attempt or conspiracy to commit such a crime, *shall be sentenced to a mandatory minimum term of confinement to the custody of the state board of correction for a period of not less than fifteen (15) years,* if it is found by the trier of fact that previous to the commission of such crime the defendant has been found guilty of or has pleaded guilty to a violation of any crime or an offense committed in this state or another state which, if committed in this state, would require the person to register as a sexual offender as set forth in section 18-8304, Idaho Code.

(3)     The mandatory minimum term provided in this section shall be imposed where the aggravating factor is separately charged in the information or indictment and admitted by the accused or found to be true by the trier of fact at a trial of the substantive crime. *A court shall not have the power to suspend, withhold, retain jurisdiction, or commute a mandatory minimum sentence imposed pursuant to this section. Any sentence imposed under the provisions of this section shall run consecutive to any other sentence imposed by the court.*

(Emphasis added.)

Ephraim argues that, whereas the statute only requires a mandatory minimum sentence of fifteen years, the legislature did not intend to remove from the courts the ability to set both an indeterminate and determinate portion of the sentence. Ephraim asserts that to do so the legislature would have used the word "fixed" to describe its intention. We disagree.

Recently, this Court addressed whether the language of I.C. § 19-2520G increased the penalty for an underlying offense to fifteen years in an instance where that offense carried a lesser penalty. *See State v. Ewell,* 147 Idaho 31, 36, 205 P.3d 680, 685 (Ct. App. 2009). This Court concluded that the statutory language of I.C. § 19-2520G(2) is plain and unambiguous. *Ewell,* 147 Idaho at 36, 205 P.3d at 685. However, in doing so, this Court was not presented with the issue raised by Ephraim here.

In *State v. Patterson,* 148 Idaho 166, 219 P.3d 813 (Ct. App. 2009), this Court reviewed similar language on a challenge to a fixed sentence imposed under Idaho's drug statutes--specifically, I.C. § 37-2739B. In *Patterson,* the statute at issue contained the language "fixed minimum term." The question there related to whether a sentence imposed pursuant to the statute was to be served "in confinement." Patterson argued that, applying our reasoning

from *State v. Harrington,* 133 Idaho 563, 990 P.2d 144 (Ct. App. 1999), the district court retained the discretion to order that a portion of the sentence be suspended. We disagreed. In doing so, we noted in *Harrington* we stated that, "where there has been no legislative action declaring a mandatory minimum term of imprisonment, thusly canceling a court's power to suspend sentences, such power to suspend should be preserved." *Harrington,* 133 Idaho at 566 n.5, 990 P.2d at 147 n.5. We then concluded that, where the statute dictates that a sentence be for a term of "confinement," it was clear that "the legislature's unambiguous intent that its violation result in actual imprisonment." *Patterson,* 148 Idaho at 169, 219 P.3d at 813.

We reach the same conclusion here. Although I.C. § 19-2520G does not use the language "fixed," we reject Ephraim's assertion that the word "fixed" is required for a statute to set forth a mandatory, determinate sentence. In this instance, the statute requires a mandatory minimum term of confinement to the custody of the Board of Correction. In doing so, it invokes the legislative power under Section 13, Article V of the Idaho Constitution which provides that any sentence imposed not be less than the mandatory minimum or that the sentence be reduced. Accordingly, as in *Patterson,* we conclude that the language of the statue here, I.C. § 19-2520G, requires that the mandatory minimum sentence be served in confinement and, as such, is a "fixed" or determinate sentence. Thus, the district court did not err by reading I.C. § 19-2520G as a mandatory term of confinement and refusing to set forth an indeterminate term. Therefore, Ephraim's judgment of conviction and fifteen-year determinate sentence are affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**

4