800 P.2d 113

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard James PAUL,
Defendant–Appellant.**

No. 18043.

Court of Appeals of Idaho.

Oct. 9, 1990.

William B. Taylor, Grangeville, for appellant.

---

* Judge Burnett's special concurring opinion was prepared prior to his resignation on July 16, 1990.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen. (argued), for respondent.

SWANSTROM, Judge.

Richard Paul appeals from his judgment of conviction for second degree murder, contending that the sentence imposed is not legal. The district court sentenced Paul under the Unified Sentencing Act to an indeterminate life sentence with a minimum period of confinement of twelve years, during which time Paul would not be eligible for parole, discharge, credit or reduction of sentence for good conduct. Paul contends that the provisions in the Unified Sentencing Act requiring mandatory minimum periods of incarceration are not authorized in sentences for second degree murder. For reasons explained below, we affirm the judgment of conviction including the sentence imposed.

■ As a preliminary matter, we note our standard of review. The question raised in this appeal involves a legal interpretation of two related sentencing statutes; therefore, we exercise free review. Our resolution of this issue begins with I.C. § 18–4004, the statute setting forth the punishment for murder:

> [E]very person guilty of murder of the first degree shall be punished by death or by imprisonment for life, provided that whenever the court shall impose a sentence of life imprisonment, the court shall set forth in its judgment and sentence a minimum period of confinement of not less than ten (10) years during which period of confinement the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct, except for meritorious service. *Every person guilty of murder of the second degree is punishable by imprisonment not less than ten (10) years and the imprisonment may extend to life.* [Emphasis added.]

Idaho Code § 19–2513, the unified sentencing statute, states:

> Whenever any person is convicted of having committed a *felony*, the court shall, ... sentence such offender to the custody of the state board of correction. The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody.... *During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service.* The offender may be considered for parole or discharge at any time during the indeterminate period of the sentence.... [Emphasis added.]

Paul contends that I.C. § 18–4004 sets forth the only sentencing requirement for the crime of second degree murder. He argues that I.C. § 18–4004 requires only that an individual convicted of the crime of *first* degree murder be subjected to a minimum fixed term of at least ten years during which time the offender shall not be eligible for parole, discharge, credit or reduction of sentence for good conduct. Paul asserts that I.C. § 18–4004 does not require such release restrictions on the minimum period of confinement for the crime of *second* degree murder. In substance, Paul argues that the release restrictions of I.C. § 19–2513 apply only to the fixed portion of an offender's sentence where the conviction is for a felony other than *second* degree murder.

Paul supports this interpretation of the two sentencing statutes by applying certain principles of statutory construction. First, he contends that the two sentencing statutes are in conflict. Second, Paul cites authority for the proposition that where two inconsistent statutes apply to the same subject matter, the more specific statute will control. Finally, Paul asserts that the two criminal statutes must be strictly construed as to their substantive elements and their sanctions.

■ In interpreting the meaning of these two statutes, we are mindful of the principal rule governing statutory interpretation. "Statutes must be interpreted to mean what the legislature intended for the statute to mean." *In re Miller,* 110 Idaho 298, 715 P.2d 968 (1986), *quoting Gumprecht v. City of Coeur d'Alene,* 104

Idaho 615, 618, 661 P.2d 1214, 1217 (1983). In addition, statutes which are in pari materia are to be construed together, so as to further the legislative intent. *State v. Creech*, 105 Idaho 362, 670 P.2d 463 (1983). Where, as here, both statutes deal with the same subject matter, sentencing, the statutes are in pari materia. Therefore, I.C. § 18–4004 must be construed harmoniously, if at all possible, with I.C. § 19–2513. *State v. Creech, supra. See also State v. Wilson*, 107 Idaho 506, 690 P.2d 1338 (1984).

■ Idaho Code §§ 18–4004 and 19–2513 were amended in 1986 through passage of House Bill 524, entitled the "Unified Sentencing Act of 1986." The purpose of this Act was to implement a unified system of sentencing which allows judges to impose a sentence containing both a "fixed" component and an "indeterminate" component, requiring, however, that the judge must state what the minimum period of incarceration shall be. The statement of purpose accompanying H.B. 524 explained:

> Under the unified sentence, the judge imposes a minimum sentence term which must be served and cannot be reduced by commutation, parole or good time but can be reduced for meritorious service plus, at the court's discretion, an indeterminate sentence to begin at the completion of the minimum term. Under this proposal, a court can impose a purely fixed sentence *but cannot impose a purely indeterminate sentence*. [Emphasis added.]

Paul argues that although I.C. § 19–2513 may be applicable to all other felonies, it is not applicable to second degree murder. He contends that a literal reading of I.C. § 18–4004 discloses such a legislative intent because the release-restriction wording was omitted from the sentencing provisions for second degree murder but was specifically included in the sentencing provisions for first degree murder.

We believe that Paul's arguments are flawed. First, he asks us to focus on the *omission* of certain language from the second degree murder provisions and to conclude that we are dealing with a *specific* statute in relation to second degree murder. However, where the Unified Sentencing Act added specific language only to the provisions for *first* degree murder, it hardly follows that the legislature intended the Act to treat *second* degree murders differently from all other felonies. On the contrary, we think the legislative statement of purpose for the Unified Sentencing Act clearly shows another reason why the special restrictive-release language was placed in § 18–4004 in reference to first degree murder but not to second degree murder.

> The ... [proposed legislation] removes all minimum parole requirements in Section 20–223, Idaho Code. This is intended to render Section 20–223 consistent with the policy being implemented by unified sentencing, namely placing the discretion of setting minimum sentences into the hands of the judge. *The change to Section 20–223 requires new language in Section 18–4004 to require persons serving a sentence for first degree murder serve [a] minimum of 10 years.* [Emphasis added.]

Statement of Purpose, H.B. 524 (1986).

Under the former provisions of § 20–223, a person given a life sentence was not eligible for parole until the person had served at least ten years. Obviously, the legislature wanted to retain this minimum period of incarceration for first degree murder sentences. At the same time, the Unified Sentencing Act reflects a willingness on the part of the legislature to allow the sentencing judge to set the mandatory minimums in most other cases, including second degree murder. Thus, we conclude that the real *exception* which the legislature intended in the Unified Sentencing Act was for the sentence of first degree murder—not for second degree murder.

Accordingly, although we agree with the general rules of statutory construction upon which Paul relies, we believe that they are not applicable here because the provisions of § 18–4004 relative to second degree murder are not "specific" provisions which conflict with the Unified Sentencing Act. Sections 19–2513 and 18–4004 can be easily harmonized, as we have ex-

720

plained. In *Christensen v. West,* 92 Idaho 87, 90–91, 437 P.2d 359, 362–63 (1963), our Supreme Court said:

> Lest there be any misunderstanding of the statutory construction principle which we apply here, we reaffirm the principle that a particular pertinent statute will prevail over a general pertinent statute, *but only* "to the extent of any necessary repugnancy between them," or "in case of necessary conflict," or if the particular and the general statute "are necessarily inconsistent." Nevertheless, the fundamental rule remains: harmonize statutes *in pari materia* "so far as reasonably possible;" one statute—the more particular—prevails to the exclusion of the other only when two statutes are in "irreconcilable conflict." [Footnotes to citations omitted; emphasis original.]

Finally, Paul contends that because I.C. § 18–4004 and I.C. § 19–2513 are criminal statutes, they must be strictly construed, not only as to the elements of the substantive crime, but also as to the applicable sanctions. *See State v. McKaughen,* 108 Idaho 471, 700 P.2d 93 (Ct.App.1985). However, numerous jurisdictions have held that this rule does not permit the court to ignore legislative intent. *State v. Murray,* 63 Haw. 12, 621 P.2d 334 (Hawaii 1980); *State v. Sunday,* 187 Mont. 292, 609 P.2d 1188 (1980); *Olinyk v. People,* 642 P.2d 490 (Colo.1982); *State v. Carmichael,* 240 Kan. 149, 727 P.2d 918 (1986). We agree. This rule of strict construction should not be applied so as to defeat the obvious intention of the legislature.

We conclude that the unified sentence pronounced in the present case is valid. By the provisions of I.C. § 18–4004, the district court was constrained to pronounce an overall sentence that could not be less than ten years and the sentence could extend to life imprisonment. No contention is made here that the life sentence is invalid. While the district court had to pronounce *some* minimum period of incarceration, I.C. § 19–2513, the length of the mandatory minimum component was to be determined solely by the exercise of the court's sound discretion. Appellant's argument here was not that the judge abused his discretion, but that he erred as a matter of law by imposing *any* mandatory minimum. Because we do not agree with this argument, we affirm the judgment of conviction, including the sentence.

WALTERS, C.J., and WINMILL, J., pro tem, concur.