978 P.2d 238

STATE of Idaho, Plaintiff–Respondent,

v.

Noel Jay WHITELEY, Defendant–Appellant.

No. 24745.

Court of Appeals of Idaho.

April 15, 1999.

Rehearing Denied May 17, 1999.

Alan E. Trimming, Ada County Public Defender; D.C. Carr, Deputy Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

In this case we are asked to review a sentence imposed for second degree murder. I.C. §§ 18–4001, –2002, and –4003. We affirm.

After pleading guilty to second degree murder, Noel Jay Whiteley was sentenced to an indeterminate life term of incarceration, with a minimum period of confinement of twenty-four years. Whiteley appeals, claiming that the district court abused its discretion in arriving at the sentence imposed.

■■■ An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent examination of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

■■■ As punishment for second degree murder, the accused may be sentenced to a life term in the custody of the Board of Correction. At a minimum, however, the district court must impose at least an indeterminate term of ten years. I.C. § 18–4004; *State v. Paul*, 118 Idaho 717, 720, 800 P.2d 113, 116 (Ct.App.1990). The decision as to whether the sentence will be some indeterminate term with the possibility of parole after ten years, or will be some longer period of incarceration without the possibility of pa-

role, extending to life, is a matter within the trial court's discretion. *Id.*

■ This case presents the brutal and senseless murder of Angela Michelle Eggers. The evidence before the district court established that the victim and Whiteley had dated for a time in the early 1990s, but were, at the time of the murder, just friends. The victim had come to Whiteley's house to talk. While their conversation began outside the residence, the victim eventually requested that Whiteley give her a back rub, whereupon they entered the residence and proceeded to Whiteley's bedroom. Whiteley gave the victim a sweatshirt to wear. Whiteley testified that he "started massaging her neck, because she asked me to, and then I just started strangling her." Whiteley indicated that he strangled Eggers both with his bare hands and a canvas strap. During the strangulation, Eggers fought to free herself for approximately five minutes. Although Whiteley testified that, at one point, he unsuccessfully attempted to remove strap from the victim's neck, he also stated that he did not utilize scissors or a knife because "it might have cut the victim." After the murder, Whiteley took a screwdriver and a pair of gloves out to the victim's pickup and removed the CD player.

According to the presentence investigation report, Whiteley stated that after removing the CD player, he and another individual carried Eggers' body to her pickup, put the body behind the seat, and Whiteley drove the pickup to a secluded desert location. After he arrived at the location where the victim was eventually found, Whiteley removed the canvas strap from the victim's neck, and also removed his sweatshirt from the victim. Whiteley then discarded the canvas strap, sweatshirt, and gloves in a trash can at a Boise theater.

Whiteley argues that the district court did not give proper weight to the fact that Whiteley was young or lacked life experience. However, these factors are not controlling in sentencing. *See State v. McKeown,* 108 Idaho 452, 453, 700 P.2d 74, 75 (Ct.App.1985). Whiteley further asserts that the district court should have placed greater weight on his good behavior while incarcerated awaiting sentence. "Evidence of [good conduct in prison] is worthy of consideration; but as every judge knows, it may not be an accurate indicator of future conduct in a noncustodial setting." *State v. Sanchez,* 117 Idaho 51, 52, 785 P.2d 176, 177 (Ct.App. 1990).

As our Supreme Court has stated:

The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. Important as are the humanitarian considerations affecting the accused, his family and other relatives, and the importance to society of rehabilitation itself, such considerations cannot be allowed to control or defeat punishment, where other factors are ignored or subordinated to the detriment of society.

*State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956).

■ During the sentencing hearing, a psychologist testified that Whiteley, in the context of close relationships, may do "something aggressive" in the future. The psychologist also stated that Whiteley's profile revealed that his psychological problems would be very difficult to treat and overcome. The district court spent a great deal of time discussing all of the relevant sentencing goals, focusing on the risk of harm to the public that Whiteley poses. As our Supreme Court has noted, the seriousness of a homicide offense mandates a punishment in the form of a substantial prison sentence. *State v. Hooper,* 119 Idaho 606, 609, 809 P.2d 467, 470 (1991). A substantial sentence in this regard reflects society's condemnation of a defendant's conduct, deters other members of society from engaging in similar conduct, and protects society from future crime. *Id.* The gravity of the offense in this case, as shown by the circumstances, is sufficiently egregious to justify a severe measure of retribution and deterrence. Having reviewed the record on appeal, we are unable to conclude that the district court abused its discretion in reaching the sentence imposed in this case.

We affirm Whiteley's judgment of conviction and indeterminate life sentence, with a minimum period of confinement of twenty-four years, for second degree murder.

Judge LANSING and Judge Pro Tem SWANSTROM, CONCUR.