993 P.2d 625

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jorge CONTRERAS, Defendant–Appellant.**

No. 25387.

Court of Appeals of Idaho.

Jan. 11, 2000.

Review Denied Feb. 3, 2000.

---

Ronaldo A. Coulter, Appellate Public Defender, Susan R. Brindle, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General, Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

In this case, we are asked to review a sentence imposed for second degree murder. I.C. §§ 18–4001, –4002, and –4003. We affirm.

After pleading guilty to second degree murder, Jorge Contreras was sentenced to an indeterminate life term of incarceration, with a minimum period of confinement of thirty years. Contreras appeals, claiming that the district court abused its discretion in arriving at the sentence imposed.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case ." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent examination of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

As punishment for second degree murder, the accused may be sentenced to a life term in the custody of the Board of Correction. At a minimum, however, the district court must impose an indeterminate term of ten

years. I.C. § 18–4004; *State v. Paul*, 118 Idaho 717, 720, 800 P.2d 113, 116 (Ct.App. 1990). The decision as to whether the sentence will be some indeterminate term with the possibility of parole after ten years, or will be some longer period of incarceration without the possibility of parole, extending to life, is a matter within the trial court's discretion. *Id.*

This case involves the brutal and senseless murder of Kristie Lee Kobs. The record reveals that during the early morning hours of May 16, 1998, Contreras went to the victim's home to intravenously use methamphetamine. Contreras claimed that while he was using the methamphetamine at Kobs' home, she approached him with a knife in her hand, berated him about an ex-girlfriend, and asked him if he was scared. At that point, Contreras gained possession of the knife and repeatedly stabbed Kobs in the upper chest, face and neck. In an effort to defend herself, Kobs received knife wounds on her hands. Ultimately, a stab wound to Kobs' larynx and left carotid artery caused her death. Throughout these events, the victim's one-year-old son was in his crib in an adjacent room. No one else was present at the home.

After the murder, Contreras placed a bed sheet over a window and drove to his sister's home in the victim's vehicle.[1] Upon arriving at his sister's home, Contreras explained to his sister that he had had an accident and asked for a clean pair of pants. Contreras removed the bloody pants that he had been wearing and placed them, along with a number of other bloody items including a shirt, baby blanket, and towel, into a plastic grocery bag. He then placed the plastic bag into a nearby dumpster.

During the afternoon of that same day, the victim's mother and stepfather arrived at the victim's home. Inside, they found the victim lying on the living room floor surrounded by blood and the victim's baby crying in its crib. When confronted by the police, Contreras initially denied any knowledge of the murder. Upon further questioning, however, Contreras admitted that he had stabbed the victim but claimed that, because of his drug use, he

had no recollection of how he got possession of the knife or how the stabbing occurred.

The record further reveals that Contreras has an extensive criminal history, all of which transpired during the five years prior to this murder. Contreras has sixteen prior misdemeanor convictions, most of which were related to substance abuse or violence against others. Contreras also has three prior felony convictions, including transport or sale of a narcotic and two counts of aggravated battery, which involved stabbing two separate victims with a knife. Only eight months after being placed on probation for aggravated battery, Contreras committed the senseless murder in the instant case.

■ Contreras argues on appeal that the district court failed to properly consider his young age in imposing the sentence. The age of the defendant, however, is not controlling in sentencing. *See State v. Whiteley*, 132 Idaho 678, 680, 978 P.2d 238, 240 (Ct. App.1999); *State v. McKeown*, 108 Idaho 452, 453, 700 P.2d 74, 75 (Ct.App.1985). Contreras further argues that the district court failed to properly consider his remorsefulness. However, the record supports the district court's finding that the focus of Contreras' remorsefulness was centered on how his crime would affect his own life rather than the lives of those he harmed. Contreras also argues that the district court failed to properly consider his limited intellectual skills, depression, and suicidal tendencies. The presentence investigation report (PSI) discloses, however, that Contreras is manipulative in employing these limitations to his advantage and to gain sympathy. Furthermore, a psychological report contained in the PSI took into account these limitations and concluded, nevertheless, that Contreras would be a high risk "for aggressive or violent acting out" if released from prison. Lastly, Contreras argues that the district court failed to properly consider the strong support of his family and friends. However, numerous letters from Contreras' family and friends were included in the PSI and were, consequently, considered by the district court.

---

1. The victim did not own the vehicle but had borrowed it from a friend.

■ The district court spent a great deal of time discussing the relevant sentencing goals, focusing on the risk of harm to the public that Contreras poses. "The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end ." *State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1957). Furthermore, the seriousness of a homicide offense mandates a punishment in the form of a substantial prison sentence. *State v. Hooper,* 119 Idaho 606, 609, 809 P.2d 467, 470 (1991); *Whiteley,* 132 Idaho at 680, 978 P.2d at 240. "A substantial sentence in this regard reflects society's condemnation of a defendant's conduct, deters other members of society from engaging in similar conduct, and protects society from future crime." *Whiteley,* 132 Idaho at 680, 978 P.2d at 240. The gravity of the offense in this case, as shown by the circumstances, is sufficiently egregious to justify a severe measure of retribution and deterrence. Having reviewed the record on appeal, we are unable to conclude that the district court abused its discretion in reaching the sentence imposed in this case.

Therefore, Contreras' judgment of conviction and indeterminate life sentence, with a minimum period of confinement of thirty years, for second degree murder is affirmed.

Judge LANSING, and Judge SCHWARTZMAN, concur.