**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37591**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Opinion No. 52** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 26, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JAMES M. ANDERSON,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Unified twenty-year sentence with ten-year determinate term for second degree murder, <u>vacated</u>, and <u>case remanded for resentencing</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

James M. Anderson was found guilty by a jury of second degree murder, Idaho Code §§ 18-4001, 18-4003, 18-4004. The district court imposed a unified twenty-year sentence with a ten-year determinate term. Anderson thereafter filed a motion for reduction of his sentence pursuant to Idaho Criminal Rule 35, which the district court denied. In its order denying the motion, the district court commented that Idaho Code Section 18-4004 "requires a minimum of ten (10) years fixed" and "[t]he court does not have the authority to reduce the fixed portion of Mr. Anderson's sentence" as was requested in Anderson's Rule 35 motion.

Anderson appeals, contending that his sentence is excessive on the facts of this case and that the district court abused its discretion in denying the Rule 35 motion because the court misinterpreted Idaho Code Section 18-4004. We conclude that because the record shows that the district court misconstrued the statutory sentencing requirement for second degree murder and

1

thereby failed to recognize the full scope of its sentencing discretion, the sentence must be vacated and the case remanded for resentencing.

We review a sentence on appeal for abuse of the sentencing court's discretion. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007); *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing a trial court's discretionary decision, we conduct a multi-tiered inquiry, examining: (1) whether the trial court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to the specific choices; and (3) whether the court reached its decision by an exercise of reason. *State v. Field*, 144 Idaho 559, 568, 165 P.3d 273, 282 (2007); *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *State v. Izaguirre*, 145 Idaho 820, 823, 186 P.3d 676, 679 (Ct. App. 2008). The first of these inquiries is satisfied only if the trial court correctly perceived the full scope of its discretion. *State v. Goodlett*, 139 Idaho 262, 266, 77 P.3d 487, 491 (Ct. App. 2003); *State v. Hansen*, 130 Idaho 845, 848, 949 P.2d 593, 596 (Ct. App. 1997); *State v. Brashier*, 127 Idaho 730, 737, 905 P.2d 1039, 1046 (Ct. App. 1995).

The record in the present case reveals that the district court did not properly understand the scope of its discretion under the governing sentencing statutes. The permissible sentencing range for second degree murder is established by I.C. § 18-4004, which provides, "Every person guilty of murder of the second degree is punishable by imprisonment not less than ten (10) years and the imprisonment may extend to life." Sentences for this offense are also subject to provisions of I.C. § 19-2513 (the "Unified Sentencing Act"), which states in part:

> The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law. During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service except as provided in section 20-223(f), Idaho Code. The offender may be considered for parole or discharge at any time during the indeterminate period of the sentence and as provided in section 20-223(f), Idaho Code.

The full sentence imposed in compliance with this section, including both the "minimum period of confinement" and the "indeterminate period of custody," is customarily referred to as the "unified sentence," while the minimum term of confinement is often referred to as the "fixed

term" or the "determinate term."  From the district court's statements in its order denying Anderson's Rule 35 motion, it is apparent that the court understood the Idaho Code Section 18-4004 requirement of a sentence for second degree murder of not less than ten years to mean that a ten-year *fixed* term was required, whereas that provision establishes a minimum *unified* term. As we stated in *State v. Paul*, 118 Idaho 717, 720, 800 P.2d 113, 116 (Ct. App. 1990):

> By the provisions of I.C. § 18-4004, the district court was constrained to pronounce an overall sentence that could not be less than ten years and the sentence could extend to life imprisonment. . . .  While the district court had to pronounce *some* minimum period of incarceration, I.C. § 19-2513, the length of the mandatory minimum component was to be determined solely by the exercise of the court's sound discretion.

That the Section 18-4004 requirement of imprisonment of not less than ten years refers to the unified term, not a fixed or determinate term, was very recently confirmed by the Idaho Supreme Court in *Booth v. State*, ___ Idaho ___, ___ P.3d ___ (July 28, 2011).  There, the Court rejected the State's assertion that a conviction for second degree murder carries a minimum sentence of ten years fixed, noting that "a defendant convicted of second-degree murder only faces a *unified* term of not less than ten years." *Id.* at ___, ___ P.3d at ___ (emphasis added). *See also State v. Varie*, 135 Idaho 848, 856, 26 P.3d 31, 39 (2001) (unified thirty-five-year sentence with seven-year fixed term for second degree murder affirmed).  Thus, there is no mandatory fixed or determinate period of confinement for second degree murder, but the unified sentence, encompassing both the fixed and indeterminate terms, must be at least ten years. *State v. Hansen*, 120 Idaho 286, 290 n.1, 815 P.2d 484, 488 n.1 (Ct. App. 1991).

Because the district court did not understand the full scope of its discretion in imposing sentence on Anderson, and because it is not clear from the record whether the trial court would have chosen the same sentence if it had understood that a fixed term of less than ten years was permissible, resentencing is necessary.

Anderson's sentence is vacated and the case remanded to the district court for resentencing.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

3