**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35402**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2011 Opinion No. 66** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: November 14, 2011** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| PETER L. TOYNE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Michael E. Wetherell, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>, sentence <u>vacated</u>, and <u>case remanded for resentencing</u>.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Peter L. Toyne was convicted of felony driving under the influence (DUI), with a sentence enhancement under Idaho Code § 19-2514 for being a persistent violator of the law. The district court imposed a unified sentence of fifteen years, with seven years fixed. Toyne appeals, contending that the district court erred at trial in admitting documentary evidence of Toyne's previous DUI convictions over his objection. He also contends that the district court abused its sentencing discretion by misinterpreting Idaho Code § 19-2514 to require a five-year fixed term of imprisonment for a persistent violator and to prohibit a suspended sentence. We affirm the conviction, but vacate the sentence and remand for resentencing.

1

**A.** **If a Judgment of Prior Conviction is Admissible Under I.R.E. 902(4), It Need Not Also Comply with the Provisions of Idaho Code § 9-312 to be Admissible**

Toyne was charged with DUI for conduct on June 21, 2007, elevated to a felony because he had previously been convicted of felony DUI within the past fifteen years. I.C. §§ 18-8004, 18-8005(7) (2006). At trial, the State offered documents to prove that Toyne had three prior felony DUI convictions in other states. Toyne objected, contending that the documents were inadmissible because they were not properly authenticated under the provisions of Idaho Code § 9-312. The district court overruled the objection, holding that the documents were properly certified and authenticated under the provisions of the Idaho Rules of Evidence and that compliance with the statute was therefore unnecessary. On appeal, Toyne claims error, asserting that compliance with the statute is a prerequisite to admissibility.

The statute on which Toyne relies, Section 9-312, authorizes authentication of judicial records in the following manner:

> A judicial record of this state, or of the United States, may be proved by the production of the original, or by a copy thereof, certified by the clerk or other person having the legal custody thereof. That of another state or territory may be proved *by the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge or presiding magistrate, that the attestation is in due form.*

(emphasis added). Idaho Rule of Evidence 902(4), however, provides that the following records are self-authenticating:

> A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, *certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of the United States or of this State, or rule prescribed by the Idaho Supreme Court.*

(emphasis added). Recently, in *State v. Howard*, 150 Idaho 471, 248 P.3d 722 (2011), the Idaho Supreme Court considered whether compliance with the strictures of Section 9-312 is necessary for admission of records that comply with the certification standards of I.R.E. 902(4). The Court there rejected the same argument that is now presented by Toyne:

If I.C. § 9–312 was written to be the exclusive means of admitting and proving judicial records, I.C. § 9–312 would conflict with the I.R.E.'s authentication standards under 902(4) and, thus, I.C. § 9–312 would have no force or effect pursuant to I.R.E. 1102. However, I.C. § 9–312 may be read as merely providing an alternate way of admitting and proving judicial records, which would not conflict with the I.R.E. As stated in I.R.E. 902(4), a copy of a public record can be self-authenticated if it is certified in accordance with *either* I.R.E. 902(1), I.R.E. 902(2), I.R.E. 902(3) or "any law of the United States or of this State, or rule prescribed by the Idaho Supreme Court." As a law of this State, I.C. § 9–312 provides one such means of certifying a public record. We hold that I.C. § 9–312 is not a separate, additional requirement for admitting and proving judicial records, as this would conflict with the I.R.E.; however, I.C. § 9–312 is one method by which a public record may be certified in accordance with I.R.E. 902(4).

*Id.* at 477-81, 248 P.3d at 728-29. In light of *Howard*, the district court's evidentiary ruling here was correct and Toyne's claim of error is without merit.

B.  **Idaho's Persistent Violator Sentence Enhancement Statute, Idaho Code § 19-2514, Does Not Preclude Suspension of a Sentence and Mandates Only a Five-year Minimum Unified Sentence**

In addition to being found guilty of felony DUI, Toyne was found by the jury to be a persistent violator subject to a sentence enhancement under Idaho Code § 19-2514, which provides:

Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

Toyne contends that the district court abused its sentencing discretion by misinterpreting that statute as requiring a minimum of a five-year fixed sentence for a persistent violator and to prohibit suspension of the sentence.

At Toyne's sentencing hearing, the district court responded to Toyne's request that the court retain jurisdiction pursuant to Idaho Code § 19-2601(4) as follows:

Mr. Toyne, in your case there is a minimum mandatory sentence of no less than five years that the Court must impose. In addition, I understand [defense counsel's] argument with regard to the rider program. But I believe that our legislature has expressed a policy with regard to minimum mandatory sentences. That those sentences are not to be what in their opinion is reduced by the use of

3

riders or alternate sentencing. They believe that minimum mandatories are to be served in the State Penitentiary.

And even if [defense counsel] is right with regard to there being a policy to allow a rider even with a minimum mandatory sentence, in this case the Court believes it would make no sense because you would go through a program for six months and you would come back here and I would still have to sentence you to a minimum mandatory five years in the Idaho State Penitentiary.

There is no way of getting around a minimum mandatory sentence mandated by the Idaho legislature.

Thus, the district court reasoned that even if Idaho's persistent violator statute allowed the court to retain jurisdiction, because it did not allow the court to suspend the sentence at the end of the retained jurisdiction period, such a disposition would be pointless. The district court apparently also understood the statute to require that the enhanced sentence include at least a five-year fixed term of imprisonment.

The State concedes error in the district court's interpretation of Section 19-2514 in view of our holding in *State v. Harrington*, 133 Idaho 563, 990 P.2d 144 (Ct. App. 1999). We there determined that this statute requires only a *unified* sentence of at least five years, not a fixed term of five years, and that the sentence can be suspended. In *Harrington*, we rested our decision largely upon the principle of lenity, which provides that where ambiguity exists, criminal statutes should be interpreted narrowly and in a manner that is lenient toward defendants. *Id.* at 566, 990 P.2d at 147. Because imprecision in the language of some sentencing statutes, and historical changes in legislatively prescribed sentencing schemes and options, continue to cause some confusion for the bench and bar, we will here expand somewhat upon the explanation of our holding in *Harrington*.

Idaho's Unified Sentence Act, Idaho Code § 19-2513, directs that for a felony, the court is to impose a unified sentence that is composed of a specified fixed (determinate) term of incarceration followed by an indeterminate term. During the indeterminate portion of the sentence, the individual may be released on parole. The statute directs that if the offense or an enhancement carries a mandatory minimum penalty, "the court shall specify a minimum period of confinement consistent with such statute."

4

For most types of crimes, the legislature has also authorized, in Idaho Code § 19-2601, an array of sentencing alternatives.[1] For most felonies, an Idaho trial court may: (a) suspend the execution of a sentence to the custody of the state board of correction at the time of judgment and place the defendant on probation, I.C. § 19-2601(2) and (5); (b) retain jurisdiction for 365 days, during which the court may suspend the execution of the sentence and place the defendant on probation, I.C. § 19-2601(4) and (5); (c) withhold judgment and place the defendant on probation, I.C. § 19-2601(3) and (5); or (d) commute the sentence and confine the defendant in the county jail, I.C. § 19-2601(1).

The Idaho Legislature unquestionably may, by appropriate statutory language, prescribe mandatory minimum fixed sentences for crimes; that authority is plainly expressed in a 1978 amendment to Article V, Section 13 of the Idaho Constitution, which now states: "[T]he legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced." This constitutional authority also allows the legislature to preclude suspension of the sentence for particular crimes or preclude use of other alternative sentencing options that might otherwise be available to the sentencing court. *State v. Pena-Reyes*, 131 Idaho 656, 656-57, 962 P.2d 1040, 1040-41 (1998); *State v. Puetz*, 129 Idaho 842, 843-44, 934 P.2d 15, 16-17 (1997).

When the legislature has chosen to prescribe a minimum sentence that must be imposed upon conviction of a crime or upon a finding that a particular sentence enhancement is applicable, the first question that arises is whether the statute requires the imposition of a *fixed* term of confinement or whether a *unified* term of confinement of the specified length is all that is required. A second and related question is whether the legislature has directed that the Idaho Code § 19-2601 alternative sentencing options, or any of them, are unavailable for the particular crime or sentence enhancement. That is, has the legislature mandated that the sentence may not be suspended, that jurisdiction cannot be retained, that judgment cannot be withheld or that the sentence cannot be commuted? All of these inquiries are matters of legislative intent, gleaned first and foremost from the language of the particular statute.

---

[1] The first sentence of the statute prohibits these alternative sentencing options for the crimes of treason and murder.

When the legislature has intended to require that a prescribed minimum sentence be a fixed term, without opportunity for probation or other sentencing alternatives, it has demonstrated its ability to make that intent entirely clear. For example, Idaho Code § 37-2732B specifies that offenses of trafficking in certain controlled substances carry "mandatory minimum *fixed* term(s) of imprisonment," (emphasis added) and "[n]otwithstanding any other provision of law, with respect to any person who is found to have violated the provisions of this section, adjudication of guilt or the imposition or execution of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for parole prior to serving the mandatory minimum fixed term of imprisonment prescribed in this section. Further, the court shall not retain jurisdiction." I.C. § 37-2732B(8).

When, however, the statute provides only that a particular crime is punishable by a term of custody or imprisonment of not less than a specified number of years, it has generally been held that the statute does not require that this term be fixed. Thus, in *State v. Anderson*, ___ Idaho ___, ___ P.3d ___, ___ (Ct. App. Aug. 26, 2011), we held that a minimum ten-year fixed term is not required by Idaho Code § 18-4004 which provides, "Every person guilty of murder of the second degree is punishable by imprisonment not less than ten (10) years and the imprisonment may extend to life." We adhered to our prior holdings that there is no mandatory fixed or determinate period of confinement for second degree murder, but the unified sentence, encompassing both the fixed and indeterminate terms, must be at least ten years. *Anderson*, ___ Idaho at ___, ___ P.3d at ___. *See also State v. Hansen*, 120 Idaho 286, 290 n.1, 815 P.2d 484, 488 n.1 (Ct. App. 1991); *State v. Paul*, 118 Idaho 717, 720, 800 P.2d 113, 116 (Ct. App. 1990). We similarly interpreted Idaho Code § 18-6503, which states that robbery "is punishable by imprisonment in the state prison not less than five (5) years, and the imprisonment may be extended to life." In *State v. Haggard*, 116 Idaho 276, 277, 775 P.2d 168, 169 (Ct. App. 1989), we held that "although the statute says that the minimum *sentence* for robbery is five years, the minimum period of confinement under the sentence, pursuant to the Unified Sentencing Act, Idaho Code § 19-2513, may be for a term less than five years." We reached the same conclusion with respect to Idaho Code § 18-6605, which provides that the infamous crime against nature "is

punishable by imprisonment in the state prison not less than five years." *See State v. Hayes*, 121 Idaho 232, 235, 824 P.2d 163, 166 (Ct. App. 1992).[2]

Our decision in *Harrington*, holding that the persistent violator sentencing enhancement statute at issue here, Idaho Code § 19-2514, does not require a minimum fixed term of imprisonment, is consistent with the foregoing authorities. Section 19-2514 does not state that the five-year minimum sentence must be fixed or that the sentence may not be suspended. In *Harrington*, we held that a 1986 amendment to Idaho Code § 19-2513 did not implicitly amend Idaho Code § 19-2514 to remove the court's power to suspend a sentence. *Harrington*, 133 Idaho at 567, 990 P.2d at 148. We now hold that it likewise did not implicitly amend Section 19-2514 to mandate a minimum fixed sentence. The statute requires only a *unified* sentence of at least five years and such sentence may, in the court's discretion, be suspended.

Toyne has shown that the district court here misperceived the scope of its sentencing discretion and may have imposed a harsher sentence than it would have fashioned had the court properly understood the scope of its sentencing discretion. When this occurs, the proper remedy is to vacate the sentence and remand for resentencing. *Anderson*, ___ Idaho at ___, ___ P.3d at ___. We do so here.

## II.

## CONCLUSION

The judgment of conviction is affirmed. The sentence is vacated and this case is remanded to the district court for resentencing.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**

---

[2] Statutory interpretation is made problematic when legislative intent is stated clearly in one portion of the statute but imprecise language elsewhere in the statute creates room for argument as to its meaning. *See, e.g.*, *State v. Patterson*, 148 Idaho 166, 170, 219 P.3d 813, 817 (Ct. App. 2009) and *State v. Ayala*, 129 Idaho 911, 918-19, 935 P.2d 174, 181-82 (Ct. App. 1996), both interpreting Idaho Code § 37-2739B to require a five-year fixed minimum sentence without suspension of the sentence despite nonmandatory language in some portions of the statute.