IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41985

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 325 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 28, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SARA JOANN FENCL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for felony driving under the influence and being a persistent violator, vacated; order denying I.C.R. 35 motion for reduction of sentence, reversed; case remanded for resentencing.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Sara Joann Fencl appeals from her judgment of conviction for felony driving under the influence (DUI) and being a persistent violator. Specifically, Fencl challenges the sentence imposed by the district court. Fencl also appeals from the district court's denial of her I.C.R. 35 motion for reduction of sentence. For the reasons set forth below, we vacate Fencl's sentence, reverse the order denying her Rule 35 motion, and remand for resentencing.

Fencl was charged with felony driving under the influence of alcohol (I.C. §§ 18-8004, 18-8005(9)) and being a persistent violator of the law (I.C. § 19-2514). Pursuant to an I.C.R. 11 plea agreement, Fencl pled guilty. The plea agreement required the state to ask for a fixed term of five years and an indeterminate term of ten years, for an aggregate term of fifteen years. The

district court agreed to be bound by the portion of the plea agreement that the district court would "impose a sentence with an aggregate fixed and indeterminate term not to exceed a total of fifteen (15) years."

At the plea hearing, the district court stated:

> The minimum and maximum penalty here on this form is correct for the felony driving under the influence. You've been arraigned on a persistent violator charge. You were told the maximum penalty for that. It makes the mandatory minimum penalty for driving under the influence, five years of prison and up to life in prison.

Defense counsel responded,

> I did explain to [Fencl] that, although, the statute does read a minimum of five years up to life in prison by case law, the court does have the authority, the discretion, to suspend that and not actually impose a five-year minimum mandatory.

The district court agreed that it could suspend the mandatory sentence at its discretion. From this exchange, it appears that both the district court and Fencl's counsel understood the persistent violator statute to require a mandatory fixed term of five years of imprisonment, but that the sentence could be suspended at the district court's discretion.

At sentencing, the district court concluded that Fencl was a risk to reoffend and that it would not exercise its discretion to suspend Fencl's mandatory sentence. The district court further explained that, "given the persistent violator enhancement, it limits the sentences that I can impose since I am imposing a prison sentence in this case." The district court sentenced Fencl to a unified term of fifteen years, with a fixed period of confinement of five years. Fencl filed an I.C.R. 35 motion for reduction of her sentence, which the district court denied.

From the district court's explanation that it was limited in sentencing, due to the persistent violator statute, it appears that the district court may have believed it was bound, if it imposed *any* confinement in prison, to impose a fixed term of five years, which it did. This apparent misunderstanding of the district court was confirmed later when, in its order denying Fencl's Rule 35 motion, the district court stated, Fencl's "motion for reconsideration acknowledges a fixed term of five years was required." The statute at issue, I.C. § 19-2514, provides:

> Any person convicted for the third time of the commission of a felony, whether the previous conviction were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of the law, and

2

on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

On appeal, Fencl argues that the district court abused its discretion during sentencing when it misinterpreted the persistent violator statute to require a fixed term of five years of imprisonment. Alternatively, Fencl argues that the district court abused its discretion by imposing an excessive sentence and by denying Fencl's Rule 35 motion.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). This Court has held that the persistent violator statute does not mandate a minimum fixed sentence, but only requires a unified sentence of at least five years and such sentence may, in the court's discretion, be suspended. *State v. Toyne,* 151 Idaho 779, 783, 264 P.3d 418, 422 (Ct. App. 2011). In this case, the district court did not apply the proper legal standard from *Toyne* when it sentenced Fencl. Thus, based upon the record, the district court may not have perceived the decision of whether to sentence Fencl to a fixed term of imprisonment as one of discretion. Therefore, the district court erred in sentencing Fencl. Since the district court erred in imposing the underlying sentence, we hold that it also erred in denying Fencl's Rule 35 motion.[1]

Because the district court apparently did not perceive its discretion in sentencing Fencl, we hold that the district court erred in sentencing Fencl and in denying her Rule 35 motion. Therefore, we vacate Fencl's sentence, reverse the order denying her Rule 35 motion, and remand for resentencing.

Judge LANSING and Judge GUTIERREZ, **CONCUR**.

---

[1] We recognize, of course, the possibility that the district court did not misperceive its sentencing discretion and that the district court's comment was simply an inadvertent misstatement. In any case, whether the error was real or only perceived, it can be easily remedied by resentencing.