**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47236**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Opinion Filed: December 3, 2020** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | |
| CHRISTOPHER DIRK BAAY, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas J. Ryan, District Judge.

Sentence, vacated; and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

HUSKEY, Chief Judge

Christopher Dirk Baay was convicted of felony domestic violence or assault, prior felony within fifteen years, under Idaho Code §§ 18-918(5), -901(a or b), with a sentencing enhancement under I.C. § 19-2514 for being a persistent violator of the law. The district court sentenced Baay to a unified sentence of ten years, with five years determinate. Baay appeals, arguing the district court abused its discretion by misinterpreting I.C. § 19-2514 to require a minimum sentence of five years determinate. The district court erred in its interpretation of I.C. § 19-2514 and this error may have led the district court to impose a harsher sentence than it would have otherwise imposed. We vacate the sentence and remand the case for a new sentencing hearing.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Baay with felony domestic violence or assault and misdemeanor battery and alleged that he is a persistent violator of the law. Following a trial, the jury found Baay guilty of felony domestic assault and not guilty of misdemeanor battery. Baay admitted to being a persistent violator.

At sentencing, the State recommended a unified sentence of eight years, with two years determinate. Baay's counsel recommended the district court retain jurisdiction, but did not recommend a specific sentence. After the parties gave their recommendations, the district court asked about the required sentence under the persistent violator statute:

> Counsel, however, I want to inquire. The recommendation from the State is two-plus-six or a unified sentence of eight years. But correct me if I am wrong, but that would be an illegal sentence given the fact he has admitted being a persistent violator. It's no less than five years and up to life that I need to impose here. So it would appear that the Court couldn't accept the State's recommendation.
> Am I correct about that?

The State responded:

> That's an interesting question, Your Honor, because in my experience different district court judges here in Ada County view that five-to-life differently. Some have--and it appears to be your view--that you have to at least impose a minimum of five years fixed and go up to life. But in my experience, the majority feel that the sentence has to be at least five, that it cannot add up to less than five.

The district court asked Baay's counsel if that had been his experience in Ada County as well, and he responded:

> My understanding--and I have had people who get persistent violator convictions who have actually been placed on probation--is that, whatever sentence you get has to be at least five years in its entirety. For instance, you couldn't send him to prison for a one-plus-two or zero-plus-three, but it doesn't have to be fixed. It says that--although I can't quote you a case, I have read case law that reflects, again, that it does have to be a prison sentence. But it says shall be sentenced to a term in custody of the State Board of Corrections for not less than five and may extend to life.
> The language, I believe, mirrors robbery. Robbery says sentenced to the Department of Corrections for a minimum of five up to life. And I think in the Court's experience, you can give people riders; you can give people probation on robberies. So I just believe--I believe what you have to do is obviously divide out the sentence, so I think you can give a two-plus-six, but you have to say something like I'm giving a, you know, two-plus-three for the offense, and I am extending that for purposes of the persistent violator to a zero-plus-three consecutive.

The district court thanked the parties for their "clarification," and Baay addressed the court. In response to Baay's statement, the district court said:

> Domestic violence by its own terms means that there is a victim of a crime. And that's problematic. And so not only does the Court have to look at you and who you are and what you have developed over your lifetime, but also the Court needs to be concerned about the safety of the community and how you can't seem to see that you are victimizing the community, your loved-ones, your wife, your mother-in-law, and others that create a problem. I mean, you're victimizing your sons by the fact you've been placed in jail for the last 154 days. You are victimizing your mother who stands up for you and says good things about you in the presentence investigation, describes you as a good father all of which I think is probably true. It's just that you're not recognizing that you are creating victims by going out there and committing these crimes, and that's what worries everybody, and that's what's problematic.

Addressing the persistent violator statute, the district court stated: "Now, I understand that there may be a difference of an opinion with regard to how to allocate the time on a persistent violator. But I have always taken the view that it is a minimum of five years." The district court discussed various sentencing factors, entered a judgment of conviction, and sentenced Baay to a unified sentence of ten years, with five years determinate, and retained jurisdiction. Baay timely appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Baay argues the district court abused its discretion because it incorrectly believed the persistent violator enhancement required the court to sentence Baay to a minimum of five years determinate. The State responds that the district court understood it was not required to sentence Baay to a five-year determinate sentence and made the discretionary decision to sentence him to a unified sentence of ten years, with five years determinate. In the alternative, the State argues that

3

even if the district court did not understand the scope of its discretion, the error was harmless because it did not impact the court's sentencing determination.

Under I.C. § 19-2514, anyone convicted of the persistent violator enhancement "shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life." I.C. § 19-2514. In *State v. Toyne*, 151 Idaho 779, 781, 264 P.3d 418, 420 (Ct. App. 2011), the district court was under the mistaken belief that I.C. § 19-2514 required it to impose a minimum sentence of five years determinate. *Toyne*, 151 Idaho at 781-82, 264 P.3d at 420-21. The district court's misunderstanding was clear from its comments when the court declined to place Toyne on a period of retained jurisdiction because:

> it would make no sense because you would go through a program for six months and you would come back here and I would still have to sentence you to a minimum mandatory five years in the Idaho State Penitentiary. There is no way of getting around a minimum mandatory sentence mandated by the Idaho legislature.

*Id.* at 781, 264 P.3d at 420. This Court held that I.C. § 19-2514 does not mandate a minimum determinate sentence, but only requires a unified sentence of at least five years, which may, in the district court's discretion, be suspended. *Toyne*, 151 Idaho at 783, 264 P.3d at 422. Because the district court may have imposed a harsher sentence than it would have fashioned had it properly understood the scope of its sentencing discretion, this Court held that the proper remedy was to vacate the sentence and remand for sentencing. *Id.*

Here, the district court's comments indicate that it interpreted I.C. § 19-2514 to require a determinate sentence of five years. Although the district court acknowledged both parties' statements regarding the statute's discretionary nature, the judge noted that "I have always taken the view that it is a minimum of five years." This statement reflects that the district court did not recognize it had the discretion to impose a unified sentence, as opposed to a determinate sentence, of five years. As such, Baay has established that the district court did not properly perceive it had discretion to impose less than a five-year determinate sentence. Consequently, because the district court did not understand its discretion, it also did not act consistently with the applicable standard set forth in *Toyne*. Accordingly, we hold that the district court abused its discretion when it sentenced Baay.

The State asserts this error was harmless, arguing it is clear from the record that the error did not impact the district court's sentencing determination. Baay argues the district court's comments can only be reasonably understood to mean that it imposed a five-year determinate

4

sentence because it believed the statute mandated it, and imposed an additional five years indeterminate as extra time for deterrence.

Like the district court in *Toyne*, here, the district court's decision to sentence Baay to a unified term of ten years, with five years determinate, was based, at least in part, on the district court's understanding that such a sentence was mandatory. This misunderstanding of the scope of its sentencing discretion may have resulted in the imposition of a harsher sentence than the district court would have otherwise imposed. When this occurs, the proper remedy is to vacate the sentence and remand for resentencing. *Toyne*, 151 Idaho at 783, 264 P.3d at 422.

## IV.

## CONCLUSION

The district court abused its discretion when it interpreted I.C. § 19-2514 to require a minimum sentence of five years determinate. Therefore, the sentence is vacated and the case is remanded for a new sentencing hearing.

Judge GRATTON and Judge LORELLO CONCUR.